The next case will be 09-1100 In Re Shinnecock Smoke Shop Your Honor, this case turns on a matter of statutory construction and meeting and we ask that the court hold that the Shinnecock Indian Nation is not a person's living or dead or an institution within the meaning of Section 2A of the Trademark Act, such that this matter may proceed to registration. The TTAB made a narrow holding in upholding the examining attorney's decision, although it was a new holding, that an Indian tribe is an institution within the meaning of Section 2A. It is long settled by the U.S. Supreme Court that Indian Nations are dependent sovereign nations and that concept goes back to Worcester v. Georgia by Chief Justice John Marshall. A sovereign nation is a government. It functions in a way akin to the United States government, to state government. It has its origins as a government. In the course holding below, the court simply said without analysis that it was an institution. That is incorrect and reversible error, Your Honors. The definition of institutions is not included in the Trademark Act anymore, but on its plain meaning of institutions, that word does not include a government entity. It does not include the United States. It does not include states. It does not include Indian Nations. Assuming this court reverses on that point, the issue remains as to whether an Indian tribe is persons living or dead under Section 2A of the Trademark Act. That is the issue that was not decided below, but it was the basis for refusal by the examining attorney and that is where the contention was between the applicant and the examining attorney below. There is two ways to approach persons living or dead. And either way it is cut, whether one applies Section 45 definition of persons or not, an Indian tribe under the plain meaning of Section 2A and under the plain meaning of Section 45 does not include a sovereign nation. But it includes a juristic person. Pardon, Your Honor? A juristic person? No, it is not a juristic person. That is clear. Your Honor, I thought 15 U.S.A. 1127 said the person is used in the statute can include a juristic person as well as a natural person. Did I miss something? Government cites this in its brief at page 17. The government says person is set forth in 45, it is expansively written, provides a number of examples, not limited to those examples. And then citing 1127, a juristic person includes a firm corporation that is capable of suing and being sued in a court of law. Page 17 of the red brief. Yes, I see what the court is pointing to. But what the government does not indicate is that a government is not included in that definition. And it is clear from the construction of the statute by the subsequent two paragraphs. The government is not included in the word person you are saying? The subsequent, the two following statutory provision specifically states the term person also includes the United States. It is a specific, it indicates the United States was not included in that definition. And then the subsequent... It says the person includes the United States? The statute says the term person also includes the United States. The person includes the government? It includes the government because the statute says it also includes the United States. And then the following paragraph says the term person also includes any state. So it's... What section of the statute is that? That's the subsequent paragraphs to the paragraph the court was just looking at. 1127 is what I cited. Yes. Judicious is 1128, 1129, is that what you're telling me? 1127. Under the definition of person. The statute... If a person includes the United States and states includes... Would you expect the statute to say, to have to list every single form of government to be included? Yes, if it's a governmental entity, yes. Because the plain reading of the statute doesn't include anything remotely relating to a sovereign government. It says, the statute says the term juristic person includes a firm, corporation, union, association, or other organization capable of suing and being sued. Is an Indian tribe or nation an organization? No. No. The... It clearly does not include a governmental entity in that limited definition. That's why... It's not an organization? You think the Indian nation is not an organization? No, your honor. It is a sovereign nation. What about the government relies heavily on our Notre Dame case and the White case and the board and so forth. I notice you don't mention it. What do you say in response to what seems like a pretty persuasive argument? Well, the... Even if section 45 applies, our position is a sovereign Indian nation is not within that plain meaning of the statute. But the government looks at Notre Dame and Notre Dame indicates that section 45 does apply. And our position is, even if it does apply, we're outside the scope. But frankly, this court should reconsider Notre Dame. Because... We can't. There's a panel to reconsider Notre Dame. So, there it is. And it's a hurdle for you. And I'm giving you an opportunity since you didn't take it in your briefs to give us your best shot at it. Well, again, our position is I would ask the court to reconsider whether section 45 definition does apply. But if the court, according to Notre Dame, which our position was erroneously decided and should be reconsidered, either here or before the Supreme Court, the... I realize you say that Notre Dame is wrong. But assume for the moment Notre Dame does control. Do you lose? No. And that's because even if you assume section 45 applies, and we did deal with this... What do you mean by saying section 45 applies? The definition of person under... And what did Notre Dame say about the definition of person? Notre Dame says that the definition of person is defined by 15 U.S.C. 1127. That was my point at the very beginning. Even if the court assumes that that is correct and follows the mandate of the court's precedent in Notre Dame, we're outside the scope of that definition anyway. The plain reading of the statute, the definition of person in section 1127, does not include sovereign governments in its limited definition. All right. Well, we don't need to go over it again. We'll just save your time for... Yes, I would like to reserve five minutes. Thank you, Your Honor. Mr. Shaw. May it please the court, Thomas Shaw on behalf of the director of the U.S. Patent and Trademark Office. Substantial evidence supports the DTAB's determination that the applicant's marks are barred by section 2A of the statute. The examining attorney made a prima facie case that the marks are barred by section 2, and the applicant in this case has never rebutted that finding. Instead... Is there anything more to Notre Dame's applicability to this other than Notre Dame says that 1127 helps to tell you how to define person? Well, Notre Dame, in the Notre Dame case, this court... Yes, the answer is yes. In the Notre Dame case, this court looked very closely at the purpose of section 2A, and it went back and it looked at the legislative history. It looked at what the drafters had considered. For a lot of people so they wouldn't be slandered, libeled, or whatever. And I think in this court in Notre Dame tended to interpret the section 2A statute expansively, that it was designed to protect people and institutions and religious beliefs and groups that might not normally be protected by section 2D. And in this case, the applicant essentially is asking the office to deny the protections of section 2A to the Shinnecock Indian Nation. And we think that's wrong. The Shinnecock Indian Nation is clearly an institution. Using the common, ordinary meaning of the term institution straight out of Black's Law Dictionary, it's a body of persons formed for a common purpose. And the appellant in this case seems to think that the term institution and the status as a sovereign Indian nation are somehow mutually exclusive, that if you're one, you can't be the other. But we don't think that's correct. That would mean the United States is an institution, correct? Yes, I think you'd have to say if the Shinnecock Indian Nation is, the United States is as well. The United States is also defined in the statute as a person. But in this case, the DTAB decided the case on institution. But if you look at the common meaning of the term institution, it's a body of persons. And I think the United States is a body of citizens united together as a nation for the common good. And again, we don't think that those terms are mutually exclusive in any sense. You can be an Indian nation and still be an institution. Moreover, the DTAB has commonly- Does it make any difference whether we're talking about an Indian nation or a tribe? The two terms were used in different ways by the appellant. What is the Shinnecock group? Is it a nation or is it a tribe? It's both. It's a recognized- It's a sovereign Indian nation recognized by the state of New York. And it's also a tribe of Indians of common descent that have lived in a common area and have common ancestry. So the Shinnecock tribe, essentially, and the Shinnecock Indian Nation are the same. Do you get to be a nation by being recognized by a state or something? What happens if you're a tribe and you want to be able to tell people you're a nation? How do you graduate from tribe to nation? Traditionally, you either look to the state for recognition under state law or you look to the federal government for recognition under federal government law. What's the purpose of getting the recognition? You get additional benefits under state and federal law. You have increased sovereignty. You have the right to control activities. If you have a reservation, for example, your tribe has a sovereign immunity on the reservation, so you get a significant bundle of rights that flow from state or federal government recognition. The TTAB has consistently interpreted the term person or institution in a number of cases, some very similar to this case. In the two white cases, the TTAB found that the Mohawk and Apache tribes were protected under Section 2A from a false suggestion of a connection. The TTAB found in both those cases that both tribes were both persons and institutions. Similarly, in the NAFTA case, the TTAB found that the NAFTA treaty included committees and subcommittees and organizations, and the treaty itself was an institution. There are some other cases as well. Traditionally, the TTAB and even this court have broadly interpreted the term institution to encompass a variety of entities, and it certainly encompasses a sovereign Indian nation. Can an Indian nation be sued in court without its consent? Without its consent? Only if Congress has waived its sovereignty. Traditionally, under sovereign immunity, Congress waived the sovereignty of the Shenandoah Nation. Not to, I mean, I guess it would depend on the case. The Shenandoah Nation couldn't be sued in a court of law without its consent. Without having waived sovereignty. That's correct. Does that cut any mustard? I mean, that takes them out of the definition of juristic person. Well, they can still soon be sued. They just have to waive their sovereignty. The United States has similar sovereignty, but in the trademark context, it essentially has waived it by putting itself into Section 45. They can certainly sue. I mean, I just wonder whether that doesn't help the Shinnecox here in terms of escaping from being a juristic person. Clearly, you would think the language of cable is sued, and being sued means that anybody who wants to sue, you can't. Well, sovereignty essentially is a jurisdictional issue, and they can be sued. They just can't be sued successfully, depending on the jurisdiction of the court. But they certainly can be sued, and there are instances where if the sovereign Indian nation has contractually agreed that it can be sued. For example, if there are arbitration provisions in contracts outside off the reservation for business contracts. I think your point is, yes, they're capable of being sued, and if they're sued, they can assert sovereignty. If they haven't already waived or if it hasn't been waived by Congress. The applicant has made much of the fact that they believe that this is a new refusal, essentially, that the DTAB raised a new issue in the decision. But if you look back at the record, the issue of whether or not the Shinnecock Indian nation was an institution was raised in a number of places, both by the examining attorney in her initial office action, in her final refusal. It was raised by the applicant in its brief to the DTAB, and again by the examining attorney in her brief to the DTAB. And it was raised in a number of cases that were discussed by the examining attorney. So we don't think this is a new issue. Unless the court has any other questions, we'll waive the remainder of our time. Thank you very much, Your Honor. Judge Clevenger correctly pointed out the reason the Shinnecock Indian nation, as a sovereign nation, and nation and tribe are synonymous, is not within the definition of a juristic person, because the plain reading of the statute shows that the sovereignty is listed separately. There's a specific paragraph for the United States, which has sovereign immunity. There's a separate listing for states, which has sovereign immunity. There's no listing for Indian nations, which have sovereign immunity. Upon the plain reading of the statute, Indian nations are not included within the definition, assuming it applies, of juristic persons. Unless the judges have further questions, my argument is completed. All right. Thank you very much. Case is submitted. Thank you. Your Honor, the court has adjourned for tomorrow morning at Shinnecock Indian.